**United States Bankruptcy Court**

**District of Minnesota**

IN RE:                                                                                           Case No. _____

**Swalboski, Malinda Jane**_____        Chapter **13** _____

Debtor(s)

**CHAPTER 13 PLAN**

Dated: **April 17, 2013** .

**1. PAYMENTS BY DEBTOR TO TRUSTEE** –
a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
b. After the date of this plan, the debtor will pay the trustee $ **575.00** per **month** for **60** months, beginning within 30 days after the filing of this plan for a total of $ **34,500.00**. The minimum plan length is **[ ]** 36 or **[X]** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee: **n/a**
d. The debtor will pay the trustee a total of $ **34,500.00** [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **3,450.00** , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | TOTAL PAYMENTS |
|---|---|---|---|
| None | | | |
| TOTAL | | | 0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| Verizon Wireless | 2 Year Cell Phone Contract expires 6/2014 |
| Eugene Fisk | Residential Lease- Month-to-Month |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| None | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| None | | | | | |
| TOTAL | | | | | 0.00 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate.

| Creditor | Amount of Default | Int. rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | 0.00 |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Monthly Payment | Number of Payments | Payments on Account of Claim | Adequate Protection from ¶ 3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | |
| TOTAL | | | | | | | | | 0.00 |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Heller & Thyen, P.A. | 3,000.00 | 250.00 | 1 | 12 | 3,000.00 |
| IRS | 22,221.40 | 396.81 | 1 | 56 | 22,221.40 |
| MN Department Of Revenue, Collection Div | 3,908.95 | 65.15 | 1 | 60 | 3,908.95 |
| TOTAL | | | | | 29,130.35 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | 0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **1,919.65** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **171,782.00**.
c. Total estimated unsecured claims are $ **171,782.00** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

National Student Loan will receive a pro-rata share through the chapter 13 plan.

Gurstel Chargo will return garnished funds within 10 business days after confirmation of the plan.

The debtor shall provide the trustee with copies of her state and federal tax returns annually. They shall be entitled to retail $1,200 of the combined net state and federal tax refunds (excluding any earned income credit), and the balance shall be paid to the trustee as an additional plan payment.

The debtor will file as and when due any and all post-petition federal tax returns of any kind; and will timely pay as and when due, any and all post-petition federal tax liabilities of any kind. Debtors failure to file as and when due any and all post-petition federal tax returns of any kind; or failure to timely pay as and when due any and all post-petition federal tax liabilities of any kind, will constitute grounds for dismissal.

Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending. The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.

As to the claims dealt with in paragraphs 5, 6, 7, and 8, in the event of the surrender, foreclosure, repossession, or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, discharged by the discharge granted pursuant to 11 USC 1328.

The debtor(s) shall not oppose any creditor claiming a purchase money security interest in and to household furnishings, from availing itself of its legal remedies under the Bankruptcy Code, namely, the submission of an application for relief from stay under 11 U.S.C. Sec. 362. Upon appropriate court order regarding relief from the automatic stay provisions of 11 U.S.C. Sec. 362, the debtor(s) shall not oppose a creditor from availing itself of any applicable state law remedies it believes are available for purposes of reclaiming the household furnishings. Upon appropriate order from the Hennepin County Court, the debtor shall surrender the household furnishings to a creditor in compliance with such Hennepin County Court Order, if any.

In the event of that any secured creditor is granted stay relief and or the surrender, repossession, or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured non-priority claim in accordance with non-bankruptcy law, dischargeable upon completion of this Chapter 13 plan.

**14. SUMMARY OF PAYMENTS –**

| | |
|---|---:|
| Trustee's Fee [Line2) | $ **3,450.00** |
| Home Mortgage Defaults [Line 6(d)] | $ **0.00** |
| Claims in Default [Line 8(d)] | $ **0.00** |
| Other Secured Claims [Line 8(d)] | $ **0.00** |
| Priority Claims [Line 9(f)] | $ **29,130.35** |
| Separate Classes [Line 10(c)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **1,919.65** |
| TOTAL [must equal Line 1(d)] | $ **34,500.00** |

**Robert S Thyen 032288x**
**Heller & Thyen, P.A.**
**606 25th Ave S #110**
**St. Cloud, MN  56301-4810**

Signed: */s/ Malinda Jane Swalboski*
　　　　　　　　　　　　DEBTOR

Signed: _____
　　　　　　　　　　DEBTOR (if joint case)